IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERMOL D. GENTRY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 04-CV-0764-CVE-PJC |
| ) | |
| CHARLES RAY, ) | |
| ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

Before the Court is Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1). Petitioner challenges his conviction and sentence entered in Tulsa County District Court, Case No. CF-2000-5822. Respondent filed a response (Dkt. # 7), and provided the state court records (Dkt. # 8) necessary for adjudication of Petitioner's claims. Petitioner did not file a reply to Respondent's response. For the reasons discussed below, the Court finds the petition should be denied.

### *BACKGROUND*

Petitioner Jermol Gentry challenges his convictions of Lewd Molestation (Count I) and Forcible Sodomy (Count II) entered in Tulsa County District Court, Case No. CF-2000-5822. The record reflects that the victim, a fourteen year old male, was attending his freshman year of high school when two of his friends introduced him to Petitioner in November, 1999. The victim learned that Petitioner claimed to be Michael the Archangel, and that he was training a group of boys to help protect heaven when Armageddon comes. He was told that the training involved martial arts, a two and one-half minute test, and discipline. Sometime in February or March, 2000, the victim was

invited to attend a World Championship Wrestling match with his friends and Petitioner. They were unable to get tickets to the wrestling match and ended up at Petitioner's apartment. Although the victim testified that he had never smoked pot before, he was pressured by his peers to smoke marijuana dipped in an "orange substance" while at Petitioner's apartment. Due to the effects of the drug, the victim's memory of the events that followed is somewhat sketchy. He blacked out for a short period of time. Upon awakening, the victim was in Petitioner's bedroom with his pants down around his ankles and Petitioner's mouth on his penis. Angry and confused, the victim put his clothes back on and asked to be taken home. The victim was too afraid and embarrassed to tell his mother or the authorities what had occurred until several months later. Once he reported what Petitioner had done, the police arrested Petitioner and charged him with one count of lewd molestation and one count of sodomy.

From September 9-12, 2002, Petitioner was tried and convicted by a jury of Lewd Molestation (Count I) and Forcible Sodomy (Count II). At the time of the incidents giving rise to the criminal charges, the victim was 14 years old and Petitioner was 24 years old. Petitioner was represented at trial by attorney Gregg Graves, an Assistant Public Defender for Tulsa County. Assistant District Attorneys Chad Moody and Eric Johnston prosecuted the case on behalf of the State of Oklahoma. The jury recommended a sentence of twenty (20) years imprisonment for each conviction. On October 31, 2002, the trial court sentenced Petitioner in accordance with the jury's recommendation and ordered the sentences to be served consecutively.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). Represented by attorney Paula Alfred, Petitioner raised two (2) claims as follows:

> Proposition I:   Remarks by the judge and prosecutor during jury selection combined with a misstatement of law by defense counsel deprived Mr. Gentry of substantial constitutional and statutory rights.
>
> Proposition II:  Under section 11 the Appellant could not be convicted of both Counts I and II.

See Dkt. # 8, Ex. 2. In an unpublished summary opinion, filed August 5, 2003, in Case No. F-2002-1396, the OCCA rejected each of Petitioner's claims and affirmed the Judgment and Sentence of the trial court (Dkt. # 8, Ex. 1). Nothing in the record suggests that Petitioner sought a *writ of certiorari* from the United States Supreme Court.

On March 1, 2004, Petitioner, appearing *pro se*, filed an application for post-conviction relief in the state district court (Dkt. # 1, attachment). The district court denied relief on March 26, 2004 (id.). Petitioner attempted to appeal the denial of relief (Dkt. # 8, Ex. 8). However, on May 11, 2004, the OCCA filed its order, in Case No. PC-2004-426, declining jurisdiction and dismissing the appeal based on Petitioner's failure to attach a certified copy of the state district court's order denying post-conviction relief as required by Rule 5.2(C)(2), *Rules of the Oklahoma Court of Criminal Appeals.* See Dkt. # 8, Ex. 9.

Petitioner now seeks federal habeas corpus relief. In his petition filed on October 6, 2004, Petitioner raises the following grounds for relief:

> Ground 1:   Ineffective assistance of counsel.
>
> Ground 2:   Remarks by Judge, Prosecutor and Jury during selection and *voir dire*.
>
> Ground 3:   Conflict of interest in trial.

In response to the petition, Respondent argues that Petitioner's ground 2 claim was properly denied by the OCCA, and grounds 1 and 3 are procedurally barred (Dkt. # 7).

*ANALYSIS*

**A.     Exhaustion/Evidentiary Hearing**

Before addressing the claims raised in the petition, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). The Court finds that the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied in this case because Petitioner's claims were raised on direct appeal or in his post-conviction proceedings. In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

**B.     Claim adjudicated by the OCCA (ground 2)**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 150-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing

evidence." 28 U.S.C. § 2254(e)(1). In this case, Petitioner presented his ground two claim on direct appeal where it was adjudicated by the OCCA. Therefore, the § 2254(d) standard applies to this Court's analysis of Petitioner's ground two claim.

In his second ground for relief, Petitioner asserts that during *voir dire*, the trial judge "compromised the impartiality critical to a fair trial" when he asked questions of jurors regarding sexual matters. See Dkt. # 1. He also claims the prosecutor improperly questioned jurors about their understanding of the difference between direct and indirect evidence. Id. Rejecting this claim on direct appeal, the OCCA found as follows:

> We find in Proposition I that the trial court did not err in asking questions on voir dire designed to confirm potential jurors' neutral attitude about a victim's potential testimony. The trial court's questions neither expressed an opinion about the witness, nor presupposed the truth of the potential testimony, nor encouraged jurors to feel sympathy for the victim. The record does not support Gentry's claims that the trial court was biased or that the court's questions damaged the presumption of innocence. On the contrary, the record shows the trial court was scrupulously concerned throughout the proceedings with affording the defendant a fair trial, and specifically questioned each juror about the presumption of innocence and the proper burden of proof. We further find in Proposition I that an isolated misstatement of law by the prosecutor was cured by the trial court's intervention and does not require relief.

See Dkt. # 8, Ex. 1 at 1-2. The Court finds Petitioner is not entitled to relief based on the OCCA's adjudication of his challenge to the *voir dire* questioning. The Sixth Amendment, applicable to the states through the Fourteenth Amendment, and principles of due process guarantee a criminal defendant in state court an "impartial jury." Ristaino v. Ross, 424 U.S. 589, 595 n. 6 (1976) (citations omitted). The Supreme Court has stressed that the trial court is granted wide discretion in conducting *voir dire* in the area of pretrial publicity and in other areas of inquiry that might tend to show juror bias. Mu'min v. Virginia, 500 U.S. 415, 427 (1991). "*Voir dire* examination serves

the dual purposes of enabling the court to select an impartial jury and assisting counsel in exercising peremptory challenges." Id. at 431.

Review of the trial court's conduct on *voir dire* is limited to whether Petitioner's trial was rendered fundamentally unfair. See Mayes v. Gibson, 210 F.3d 1284, 1292 (10th Cir. 2000) (citing Mu'Min, 500 U.S. at 425-26). Upon review of the trial transcript, including *voir dire*, the Court concludes that Petitioner's trial was not rendered fundamentally unfair as a result of questions asked by the trial court judge and the prosecutor during *voir dire*. The OCCA's adjudication of this claim did not result in a decision contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d). Petitioner is not entitled to habeas corpus relief on this claim.

**C.     Procedural bar (grounds 1 and 3)**

In his first ground for habeas relief Petitioner claims that his trial counsel was constitutionally ineffective. In ground three he asserts that previous encounters with state's witness, Officer Russo, and with the trial judge created a conflict of interest. These issues were raised for the first time in post-conviction proceedings. After the state district court denied relief, the OCCA imposed a procedural bar on Petitioner's claims and dismissed the post-conviction appeal because Petitioner failed to attached a certified copy of the district court's denial of post-conviction relief to his post-conviction petition in error as required by Rule 5.2(C), *Rules of the Court of Criminal Appeals*. See Dkt. # 6, Ex. E.

In response to the petition, Respondent asserts that this Court should uphold the procedural bar imposed by the OCCA as to Petitioner's first and third claims. The Court agrees with Respondent that Petitioner's first and third grounds are procedurally barred. The doctrine of

6

procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds. Coleman v. Thompson, 501 U.S. 722, 729 (1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995). A finding of procedural default is an "adequate" state ground if it has been applied evenhandedly "in the vast majority of cases." Id. (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir. 1991)).

The OCCA's dismissal of the post-conviction appeal was based on both an independent and an adequate state procedural ground. The imposition of a procedural bar was an "independent" state ground because "it was the exclusive basis for the state court's holding." Maes, 46 F.3d at 985. The OCCA's reliance on Rule 5.2(C) for imposition of a procedural bar was also an "adequate" ground. See Johnson v. Champion, 288 F.3d 1215, 1227 n.3 (10th Cir. 2002) (holding that the OCCA's declination of jurisdiction based on Rule 5.2(C) constitutes an independent and adequate state procedural ground); Duvall v. Reynolds, 139 F.3d 768, 797 (10th Cir. 1998). This Court must recognize the default in this case. Cf. Smallwood v. Gibson, 191 F.3d 1257, 1268-69 (10th Cir. 1999) (finding petitioner's failure to raise the factual bases for his ineffective assistance of counsel claims in his first application for state post-conviction relief precluded habeas review absent a showing of cause and prejudice or a fundamental miscarriage of justice); Moore v. Reynolds, 153 F.3d 1086, 1097 (10th Cir. 1998).

As a result of Petitioner's procedural default, this Court may not consider the claims unless he is able to show "cause and prejudice" for the default, or demonstrate that a fundamental miscarriage of justice would result if his claims are not considered. See Coleman, 501 U.S. at 750;

Demarest v. Price, 130 F.3d 922, 941042 (10th Cir. 1997). The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

Petitioner offers no explanation for the procedural default of his first and third grounds. As a result, the Court finds Petitioner has failed to demonstrate "cause" sufficient to overcome the procedural bar applicable to his claims.

Petitioner's only other means of gaining federal habeas review is a claim of actual innocence under the fundamental miscarriage of justice exception. Herrera v. Collins, 506 U.S. 390, 403-404 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-41 (1992). To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Although Petitioner does claim that he is innocent of the crimes for which he was convicted, he provides no evidence to support a showing of factual innocence. As a result, he does not fall within the fundamental miscarriage of justice exception. The Court concludes that Petitioner's ground one and ground three claims are procedurally barred, and habeas corpus relief must be denied.

8

*CONCLUSION*

After careful review of the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the petition for a writ of habeas corpus (Dkt. # 1) is **denied**.

**DATED** this 21st day of August, 2008.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT